**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **Milbin** | : |
| | : |
| v. | :    No. 3:02cv2227 (JBA) |
| | : |
| **Ashcroft, et al.** | : |

FILED
DEC 2  12 09 PM '03
DISTRICT COURT
NEW HAVEN, CONN.

<u>Ruling on Emergency Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief [Doc. # 1]</u>

On December 17, 2002, Petitioner Rikenson Milbin filed a habeas petition challenging the constitutionality of his mandatory detention under section 236(c) of the Immigration and Nationality Act, 8 U.S.C. § 1226(c), and seeking to vacate the Board of Immigration Appeal's order of removal against him. In the eleven months since, there have been a series of procedural developments in Milbin's case, and significant changes in the controlling caselaw. The Court finds that under the Second Circuit's precedent in <u>Chrzanoski v. Ashcroft</u>, 327 F.3d 188 (2d Cir. 2003), Milbin is not removable as charged under INA § 237(a)(2)(A)(iii), because his criminal conviction does not qualify as an aggravated felony. Accordingly, Milbin's habeas petition seeking to vacate the Board of Immigration Appeals' order of removal is granted, and Milbin is directed to be released from custody. In light of this order, Milbin's challenge to his mandatory detention under INA § 236(c) is moot, and this Court need not address the impact of <u>Demore v. Kim</u>, 123 S.Ct. 1708 (2003).

1

I. Background

Milbin is a 24 year old Haitian national and a lawful permanent resident of the United States. On or about March 29, 2001, Milbin pled guilty to a violation of Connecticut General Statute § 53a-61, Assault in the Third Degree, in the Connecticut Superior Court in Stamford, Connecticut. He received a one year suspended sentence, and two years probation. This suspension was subsequently lifted in September 2001, after Milbin violated a term of his probation, and he was resentenced to a six month period of incarceration.

After completing his sentence in February 2002, Milbin was taken into INS custody and charged as deportable under INA § 237(a)(2)(A)(iii), for having been convicted of an aggravated felony, which is defined to include a conviction for a "crime of violence . . . for which the term of imprisonment is at least one year." See 8 U.S.C. § 1101(a)(43)(F). A "crime of violence" is defined in 18 U.S.C. § 16 as:

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

The INS claimed that Milbin's conviction under Conn. Gen. Stat. §

53a-61,[1] a Class A misdemeanor, constituted a crime of violence within the meaning of 18 U.S.C. § 16(a), and was therefore grounds for deportation as an aggravated felony. As a alien charged as deportable under INA § 237(a)(2)(A)(iii), Milbin was also subject to § 236(c)'s mandatory detention provision.

The Immigration Judge subsequently ordered Milbin removed on the basis of his conviction. Milbin appealed to the Board of Immigration Appeals ("BIA"), arguing that his Connecticut conviction was not a "crime of violence" within the meaning of 18 U.S.C. §16, and that he did not receive a one year term of imprisonment sufficient to make his conviction an aggravated felony, because when his one-year suspended sentence was revoked, only a six month term of incarceration was imposed. By decision issued on November 26, 2002, the BIA dismissed his appeal, concluding that Milbin's conviction constituted a crime of violence. Milbin filed a § 2241 petition with this Court on

---

[1]Section 53a-61 provides as follows:

(a) A person is guilty of assault in the third degree when: (A) (1) With intent to cause physical injury to another person, he causes such injury to such person or to a third person; or (2) he recklessly causes serious physical injury to another person; or (3) with criminal negligence, he causes physical injury to another person by means of a deadly weapon, a dangerous instrument or an electronic defense weapon.
(b) Assault in the third degree is a class A misdemeanor and any person found guilty under subdivision (3) of subsection (a) of this section shall be sentenced to a term of imprisonment of one year which may not be suspended or reduced.

December 17, 2002, and this Court issued a stay of removal on March 19, 2003. See [Doc. # 11].

Because the BIA made no determination about the length of Milbin's sentence, Milbin also filed a motion with the BIA to reopen or reconsider his case, and, in a decision rendered on March 26, 2003, the BIA reconsidered and remanded Milbin's case back to the Immigration Judge for "further clarification regarding the sentence imposed for the respondent's assault conviction." BIA Reconsideration Order [Doc. # 12, Ex. 1]. The Immigration Judge, on remand, ordered Milbin removed once again, and on November 3, 2003, the BIA dismissed his appeal.

II. Discussion

In light of the BIA's November 3, 2003 order, the Court finds that Milbin is subject to an administratively final order of removal, and therefore, it is appropriate to decide the merits of his removal claim. This decision is controlled by the April 2003 Second Circuit ruling in Chrzanoski v. Ashcroft, 327 F.3d 188 (2d Cir. 2003).

In Chrzanoski, 327 F.3d at 197, the Second Circuit conclusively held that third degree assault under Conn. Gen. Stat. § 53a-61 is not a crime of violence, and therefore does not qualify as an aggravated felony under the INA. See id. at 197 ("[B]ecause use of force is not an element (whether statutorily

4

defined or otherwise) of section 53-61(a)(1), we conclude that third degree intentional assault under Connecticut law is not a crime of violence under § 16(a)."[2] The Second Circuit, using a categorical approach which evaluates only the elements of the offense and not the particular conduct giving rise to the individual conviction, determined that "under Connecticut law, it seems an individual could be convicted of intentional assault in the third degree for injury caused not by physical force, but by guile, deception, or even deliberate omission." Id. at 195. The use of force, however, is a necessary element for a "crime of violence" under 18 U.S.C. §16(a). See id. at 196-97 ("[O]ur interpretation of §16(a) honors Congress' intent to expand the list of crimes that constitute aggravated felonies by defining as crimes of violence only those misdemeanors that include as an element the use of force.").

Milbin, like Chrzanoski, is charged as removable as a result of his conviction pursuant to Conn. Gen. Stat. § 53a-61(a). Under controlling Second Circuit precedent, therefore, Milbin may

---

[2] It is unclear, but immaterial under which subsection of § 53a-61(a) Milbin was convicted, because the subsections "differ only on the mens rea requirement, [and] the precise subsection under which petitioner was convicted is not relevant to the question presented here." The Chrzanoski Court assumed for the purposes of its analysis that the petitioner had been convicted of intentional assault in the third degree under section 53a-61(a)(1).

5

not be removed from the United States on the basis of this conviction. Because this conviction formed the exclusive basis for the administrative removal order, the BIA's order is vacated, and Petitioner is directed to be released from custody.

Until this decision is filed, Milbin continues to be subject to mandatory detention under § 236(c), as this Court's stay order of March 19, 2003 remains in effect. See Wang v. Ashcroft, 320 F.3d 130, 147 (2003). Today's decision, however, renders Milbin's constitutional challenge to § 236(c) detention moot, as it resolves Milbin's challenge to his removal, and on that basis requires his release from custody. As a result, this Court need not address the impact of Demore v. Kim, __ U.S. __, 123 S.Ct. 1708 (2003), on Milbin's challenge to his pre-final order detention.[3]

III. Conclusion

For the foregoing reasons, Petitioner Rikenson Milbin's petition for a writ of habeas corpus [Doc. # 1] is GRANTED as to its challenge to his removal, and DENIED as moot as to its challenge to detention under INA § 236(c). By agreement, Michael

---

[3]Last term, the Supreme Court in Demore v. Kim, 123 S.Ct. 1708 (2003), deciding a constitutional challenge to section 236(c) as applied to lawful permanent residents, concluded that such mandatory detention is not per se unconstitutional. The Court held that the "INS detention of respondent, a criminal alien who has conceded that he is deportable, for the limited period of his removal proceedings," is constitutional. Id. at 1722.

J. Garcia, Assistant Secretary for Immigration and Customs Enforcement, is substituted for Respondent James W. Ziglar, Commissioner of the former Immigration and Naturalization Service. The BIA's final order of removal is VACATED. Respondents John Ashcroft and Michael J. Garcia are hereby directed to immediately release Petitioner Rikenson Milbin from custody.

IT IS SO ORDERED.

_____
Janet Bond Arterton, U.S.D.J.

**Dated at New Haven, Connecticut, this 2nd day of December, 2003.**